# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR411-165 |
| | ) | |
| OKEMI MON LAWTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Okemi Lawton pleaded guilty to a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in January 2012. *See* doc. 35. He was sentenced to, among other penalties, a three-year term of supervised release. *Id.* at 3. In 2018, the United States Probation Office moved to revoke Lawton's supervised release for substance-abuse violations of its conditions. *See* doc. 41. After a hearing, the Court determined that Lawton would remain on supervised release. Doc. 52. In April 2019, the United States Probation Office moved again to revoke Lawton's supervised release because of his arrest by state law enforcement involving both possession of a controlled substance and a firearm. Doc. 56. His court-appointed counsel has filed several motions,

including a motion to withdraw, that are ripe for disposition. Doc. 65, 69 & 72. The Court will address them in turn.

Lawton first moves to "dismiss" the motion for revocation on the ground that the Government failed to prosecute. *See* doc. 65. He contends that "[d]espite the filing of this petition, and despite the fact that the Defendant has been incarcerated in the Chatham County Detention Center on both state and federal charges since on or about April 9, 2019, the Government failed and refused to pursue the instant petition for revocation of supervised release." *Id*. at 1. He relies on Rule 48(b) of the Federal Rules of Criminal procedure, which permits the court to dismiss "an indictment, information, or complaint if unnecessary delay occurs in" seeking an indictment, filing an information, or bringing a defendant to trial. Fed. R. Crim. P. 48(b). The Government responds, in opposition, that defendant's motion fails for three independently sufficient reasons: (1) Rule 48(b) does not apply in supervised release revocation proceedings; (2) even assuming a proper procedure to challenge the delay, it has not been unreasonable; and (3) even if there were an unreasonable delay,

defendant has not pleaded that he has suffered any prejudice from the delay. *See* doc. 71 at 1. The Government is right on all three grounds.

The Government points out that the plain text of Rule 48, which enumerates the charging instruments to which the Rule applies, strongly suggests that it does not apply to supervised release revocations. *See* doc. 71 at 5. The Government further points out that "Rule 32.1 [which expressly governs supervised release revocation proceedings] contains its own timing provisions . . . ." *Id.* at 6. The application of Rule 48's timing provisions, then, would be superfluous. Finally, the Government points out "Defendant cites to no case in this District, Circuit, or country to support the theory that Rule 48 applies to revocation proceedings." *Id.* at 4. Given that applying Rule 48 in this context is supported by neither the text of the rule, nor the larger context of the Rules of Criminal Procedure, nor case law, the Court will not apply it here. To the extent that defendant's motion is limited to the relief afforded by Rule 48, it might be denied on that basis alone.

Despite the possible misapplication of the Rule, the substance of defendant's motion—that there has been an excessive delay in conducting his supervised release revocation hearing—is cognizable. As the

Government points out, Rule 32.1(b)(2) requires that "[u]nless waived by the person the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.*; *see also* doc. 71 at 6–7.  Even assuming, charitably, that defendant's motion is sufficient to assert entitlement to relief under Rule 32.1, and not merely Rule 48, it is substantially deficient.

Rule 32.1(b) requires only that the revocation hearing be held "within a reasonable time." *Id.*  It is difficult, therefore, to seek a dismissal based on a delay alone; as one Court of Appeals has pointed out, "[r]easonableness has a protean quality."  *United States v. Pagan Rodriguez*, 600 F.3d 39, 42 (1st Cir. 2010).  Even assuming Lawton's chronology, the petition was filed on May 13, 2019.[1]  Doc. 65.  Which means

---

[1] As the Government points out, whether the date of the petition's filing is the relevant date to evaluate delay is questionable, if not positively wrong.  The petition was filed in May 2019.  Doc. 56.  The Government explains that Lawton was detained, between April 9, 2019 and July 30, 2019, as a result of state charges.  Doc. 71 at 8.  Further, federal detention was, the Government contends, a result of new criminal charges in this Court.  *See id.* (citing *United States v. Lawton*, CR419-102).  The Government contends, therefore, that Lawton "was not taken into custody on his supervised release warrant until his initial appearance on June 24, 2020 . . . ."  *Id.*; *see also United States v. Goode*, 700 F. App'x 100, 103 (3d Cir. 2017) (a party on supervised release's "right to a timely revocation hearing is measured from the time he was taken into custody pursuant to the revocation arrest warrant—not from the time the arrest warrant was issued.")  Since, even assuming defendant's chronology, the delay in his supervised release revocation hearing has not been unreasonable, the considerably shorter period

4

it has been pending for, at most, slightly more than one year. Even longer delays have been found insufficient, subject to a caveat discussed below, to be unreasonable. *See, e.g., United States v. Iluonokhalumhe*, 788 F. App'x 112, 115 (3d Cir. 2019) (no unreasonable delay when revocation hearing took place "more than two years" after issuance of arrest warrant); *United States v. Magana-Colin*, 259 F. App'x 837, 837–38 (9th Cir. 2009) (three-year delay between issuance of a warrant for supervised release violation and revocation hearing "did not violate either Rule 32.1 or the Due Process Clause . . . ."). Accordingly, the delay Lawton alleges, standing alone, is insufficient to establish an unreasonable delay under Rule 32.1.

Generally, the reasonableness, or not, of a delay depends not on its duration alone, but on the effect of the delay. Specifically, whether the delay has had any deleterious effect on the releasee. Thus, even where unreasonable delays have been found, such a finding is not dispositive of the continued viability of the supervised release revocation proceeding without an additional showing of prejudice. *See Pagan-Rodriguez*, 600 F.3d at 42 (conclusion that an unreasonable delay in holding revocation

---

(to date, less than one month) that has elapsed since his initial appearance is certainly not.

hearing, "does not end our journey," as the delay "does not require vacation of the judgment unless it affected the offender's substantial rights."). As the Government points out, Lawton's motion does not "attempt to explain how any delay adversely affects him in his revocation proceeding." Doc. 71 at 9. As discussed above, Lawton's motion concedes that he has been detained "on both state and federal charges since on or about April 9, 2019." Doc. 65 at 1. Since it appears that Lawton was detained on the new charges pending against him in this Court, and likely on the charges pending against him in state court,[2] there was no obvious prejudice in the form of continued detention arising from the delay in his revocation proceeding.

---

[2] A review of the docket in his pending criminal case indicates that, at his initial appearance on those charges, he conceded that pretrial release was moot due to a state hold. *See* CR419-102, doc. 13 (S.D. Ga. Jul. 30, 2019); *see also* CR419-102, doc. 19 (S.D. Ga. Aug. 1, 2019) (noting that "[i]n the event of a change in circumstances such that Defendant wants to invoke his right to a detention hearing under 18 U.S.C. § 3142, defense counsel must notify the Court by filing an application for bond."). Lawton moved for a bond, CR419-102, doc. 71 (S.D. Ga. Apr. 8, 2020), which was denied, CR419-102, doc. 75 (S.D. Ga. Apr. 27, 2020). The Court's denial of that motion noted the Government's contention that Lawton continued to be detained on state charges pending against him. *See* CR419-102, doc. 75 at 2 n. 1. Since Lawton's detention, whether on his pending federal or state charges, is independent of this proceeding, it is not clear what prejudice he might have suffered by any alleged delay.

Accordingly, Lawton's motion to "dismiss" the revocation proceedings against him is **DENIED**. Rule 48—the only Rule Lawton's motion cites—does not apply to revocation proceedings governed by Rule 32.1. Even assuming that Lawton adequately presented an objection under Rule 32.1's requirement that a revocation hearing be held within a "reasonable time," he has not shown that any period of delay has been unreasonable. Finally, even assuming that the chronology of this case *could* support the conclusion that an unreasonable amount of time has passed, Lawton does not identify any prejudice he might have suffered from that delay.

Defendant's second motion seeks discovery. Doc. 69. Specifically, he seeks "[a] complete copy of the records of [his] supervised release in this offence, including any notes or reports of the probation officer, the results of any drug screens taken, any statements, reports or records received from a third party regarding the defendant's compliance or non-compliance with the terms of release," and copies of any inculpatory statements he might have made. *See id* at 1. The Government responds that the requests "appear directed towards the U.S. Probation Office," and states that it has "forwarded" the requests to provide responsive materials

7

to the defendant. Doc. 70. It is not clear, however, that the Government opposes the requested discovery. It is equally unclear whether the request has been addressed. Finally, as discussed below, currently appointed counsel is withdrawing from this case. Under those circumstances, the discovery motion is **TERMINATED** with leave to refile. Doc. 69. If successor counsel believes that appropriate discovery has not been provided, and if the Government opposes successor counsel's further discovery requests, he or she may renew the discovery motion.

Finally, court-appointed defense counsel, Kathleen Davis, seeks leave to withdraw from her representation of Lawton because she has accepted alternative employment. *See* doc. 72. The Court is satisfied that Ms. Davis' employment constitutes good cause to permit her withdrawal from this case. Accordingly, her request to withdraw is **GRANTED**, subject to the instructions below. Doc. 72.

Mindful of the scheduled proceedings, the Court will appoint successor counsel as soon as possible. Upon entering his or her appearance, Ms. Davis will be relieved of her obligations. Within seven days of successor counsel's entry of appearance, Ms. Davis and successor counsel are **DIRECTED** to confer so that Davis can "inform [her]

successor, by way of a brief report, of all action previously taken, and provide the files and any information relevant to Mr. Lawton's case." *Id.* at 2. No later than the next business day after the conclusion of that period, successor counsel is **DIRECTED** to file a status report and inform the Court whether he or she will seek to file any additional motions.

    **SO ORDERED,** this 21st day of July, 2020.

                                                                                            */s/ Christopher L. Ray*
                                                                                             CHRISTOPHER L. RAY
                                                                                             UNITED STATES MAGISTRATE JUDGE
                                                                                             SOUTHERN DISTRICT OF GEORGIA